

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HUGH ROYAL EPPS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:17CV646–HEH
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## MEMORANDUM OPINION
(Granting Rule 59(e) Relief and Reopening Action)

By Memorandum Opinion and Order entered on April 19, 2018 (ECF No. 14), the Court directed Plaintiff to file a particularized complaint because Plaintiff failed to identify under what federal law he sought to bring his claims. After an extension, Plaintiff filed a Particularized Complaint. However, this Particularized Complaint was also deficient. Accordingly, by Memorandum Order entered on August 3, 2018, the Court directed Plaintiff, within fourteen (14) days of the date of entry thereof, to file a second particularized complaint that complied with certain directives. (ECF No. 19, at 1–3.) The Court warned Plaintiff that the failure to submit the second particularized complaint would result in the dismissal of the action. (*Id.* at 2.) Because more than fourteen days elapsed after the entry of the August 3, 2018 Memorandum Order, and Plaintiff failed to submit a second particularized complaint or otherwise respond to the August 3, 2018 Memorandum Order, by Memorandum Opinion and Order entered on August 31, 2018, the Court dismissed the action without prejudice.

On September 11, 2018, the Court received from Plaintiff a Motion for Reconsideration (ECF No. 22), with a Second Particularized Complaint (ECF No. 22–2) attached. Because the motion was filed within twenty-eight (28) days of the Court's entry of the August 31, 2018 Memorandum Opinion and Order, the Court construes the motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)). Although the Court never received the Second Particularized Complaint, Plaintiff swears that he placed his Second Particularized Complaint in the prison mailing system on August 9, 2018, well within the fourteen days permitted by the August 3, 2018 Memorandum Order. (Rule 59(e) Mot. 1; ECF No. 22–1, at 1.) Thus, Plaintiff appears to argue that the case should be reopened to prevent manifest injustice. Because it is unclear what happened to Plaintiff's initial

submission of his Second Particularized Complaint, the Rule 59(e) Motion (ECF No. 22) will be granted. The August 31, 2018 Memorandum Opinion and Order will be vacated.

The Clerk is directed to send a copy of the Memorandum Opinion to Plaintiff.

It is so ORDERED.

Date: Oct 29, 2018
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE