IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



HUGH ROYAL EPPS,

    Plaintiff,

v.                                    Civil Action No. 3:17CV646–HEH

DR. KATHERINE LAYBOURNE,
MD, *et al.*,

    Defendants.

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on February 6, 2019, the Court dismissed Hugh Royal Epps's *Bivens*[1] action without prejudice because he failed to allege sufficiently an Eighth Amendment claim. (ECF Nos. 25, 26.) On February 12, 2019, the Court received from Epps a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 23).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Epps argues that the Court should vacate its prior opinion to correct a clear error of law or to prevent manifest injustice. First, Epps believes that the Court erred by dismissing Defendants Laybourne and Dicocco for his failure to allege any personal involvement in the decision to deny him back surgery. Epps argues that both should be ordered to provide an affidavit "in which they could declare that they are not part of Plaintiff's treatment plan and repeated denials of his surgery." (Rule 59(e) Mot. 2.) However, it was incumbent on Epps to allege facts that plausibly suggested that Defendants Laybourne and Dicocco actually perceived a risk that Epps faced a substantial risk of serious harm from the medical care or lack of medical care he received. Epps failed to do so and even admits that he only named these two doctors because they have come to the Camp where he resides. (*Id.* at 2–3.) Epps also contends that he attempted to learn who the Unknown Medical Staff were but could not ascertain that information. (*Id.* at 3.) Epps fails to identify any error in the Court's conclusion that he failed to adequately allege an Eighth Amendment claim.

Further, Epps argues that his claim that he was denied surgery in 2011 would not be barred by the statute of limitations because of the "daily and repeated omissions of actions to deny or refuse the treatment Plaintiff needs." (*Id.* at 4.) He contends that "the statute of limitations has not yet begun to toll, as the medical treatment has not been performed and the daily in treatment continues daily." (*Id.* at 4–5.) The Court recognizes

2

that under the continuing violation doctrine, the statute of limitations may not run for a claim for a continuing violation of an Eighth Amendment claim, "until the date, if any, on which adequate treatment was provided." *DePaola v. Clarke*, 884 F.3d 481, 487 (4th Cir. 2018). Moreover, under this doctrine, "[a] plaintiff's claim of continuing violation may extend back to the time at which the prison officials first learned of the serious medical need and unreasonably failed to act." *Id.* However, Epps's claims against unknown prison medical staff was not dismissed in the first instance as barred by the statute of limitations. Rather, the claims were dismissed because Epps failed to allege adequately a claim against these unknown staff members. (ECF No. 25, at 9–10.) Epps fails to identify any error in the Court's conclusion that he failed to adequately allege an Eighth Amendment claims. Accordingly, Epps's Rule 59(e) Motion (ECF No. 27) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Aug. 26, 2019
Richmond, Virginia